# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAMMY L. WILSON, ) </br> ) </br> Plaintiff, ) </br> ) </br> -vs- ) </br> ) Case No. CIV-18-1185-F </br> ANDREW SAUL, Commissioner of ) </br> Social Security, ) </br> ) </br> Defendant. ) | |

## ORDER

Plaintiff Tammy L. Wilson brings this action for judicial review of the Commissioner's decision that she was not "disabled" under the Social Security Act. *See*, 42 U.S.C. §§ 405(g), 423(d)(1)(A). Magistrate Judge Suzanne Mitchell issued a Report and Recommendation on October 18, 2019 (doc. no. 26, the Report), recommending the Commissioner's decision denying benefits be affirmed. Plaintiff timely objected to a portion of the Report. Doc. no. 29. Defendant then filed a reply brief, asking the court to overrule plaintiff's objections to the Report and to affirm the Commissioner. Doc. no. 30.

Plaintiff's objections to the Report relate to what plaintiff describes as "The Magistrate's failure to find error in the ALJ's faulty Step Two analysis," citing pages 5-7 of the Report. Doc. no. 29, pp. 3-4. Specifically, plaintiff objects to the Report's statement that the plaintiff did not rebut the Commissioner's assertion that pain, fatigue, and weakness are typically considered symptoms. Plaintiff observes that she made arguments on this topic in her opening brief. Plaintiff further argues that the Commissioner's assertion does not override evidence that the chronic pain diagnoses were made. She cites record evidence which she contends shows the chronic pain and chronic neck pain are more than simply symptoms and are

diagnoses which require further consideration in the sequential evaluation process. As a result, plaintiff contends that the ALJ did not properly consider all the diagnosed impairments throughout the disability process, so that a remand is required.

Plaintiff's objections will be denied. The magistrate judge correctly stated that, at step two, the ALJ considers the medical severity of a claimant's impairments but that no symptom or combination of symptoms can, by itself, constitute a medically determinable impairment. The magistrate judge also correctly stated that pain, fatigue, and weakness are typically considered symptoms, and that the ALJ did not err by failing to consider these as impairments. Furthermore, as the Commissioner's reply brief points out, even if the ALJ should have found that these symptoms were medically determinable impairments and severe, any error would be harmless because the ALJ continued through the sequential evaluation process, all of which is also noted by the magistrate judge in her report.

After *de novo* review of all objected to matters, the court finds that it agrees with the recommendations of the magistrate judge and that no purpose would be served by any further analysis here. Plaintiff's objections to the Report are **DENIED**. Doc. no. 29. The court **ACCEPTS**, **AFFIRMS** and **ADOPTS** the findings and recommendations of the Magistrate Judge as stated in the Report. Doc. no. 26. The Commissioner's decision denying benefits is **AFFIRMED**.

DATED this 26th day of November, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-1185p002.docx